FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

JUL 03 2014

U.S. MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case Number: 14-PO-110-1C |
| ) | |
| v. ) | |
| ) | **REPLY TO RULE 35 MOTION TO** |
| COMFREY B. JACOBS, ) | **CORRECT SENTENCE** |
| ) | |
| Defendant. ) | |
| ) | |

In response to the Motion by Comfrey B. Jacobs ("defendant") through his attorney, the United States moves this Court to uphold the sentence imposed pursuant to the Judgment filed June 23, 2014. The defendant moves to eliminate the community service payment of $2,500.00 to the Yellowstone Park Foundation Wildlife Protection Fund ("YPF"). Doc. 16 Judgment. The defendant contends that a community service payment is a "clear error" in sentencing. The United States respectfully disagrees. A Judge has broad discretion to impose sentencing and community service may be ordered as a condition of probation, the payment remains valid as long as it does not exceed the statutory maximum fine. Statutes, the United States Sentencing Guidelines, and case law accept Community Service Payments as payments unrelated to restitution. *See* U.S.S.G. § 8B1.3, *United States v. Danilow Pastry Co., Inc.*, 563 F. Supp. 1159, 1169 (S.D.N.Y. 1983), *and see Fiore v. United States*, 696 F.2d 205, 209 (2d Cir. 1982).

On March 6, 2014, the defendant chained himself to a barricade at the entrance to the Stephens Creek Road adjacent to the Stephens Creek Bison Facility within Yellowstone National Park. The defendant was attached to a 55 gallon barrel, which was attached to a road barricade. As a result of this barricade, the defendant prevented federal, state, and other Park Service

1

employees from conducting official business at the Stephens Creek Bison Facility. The defendant was ultimately charged with Interfering with an Agency Function under 36 C.F.R. § 2.32(a)(1), Entering a Closed Area, and Creating a Hazardous Condition.

Ultimately, a plea agreement was entered in between the United States and the defendant. The plea agreement provided the defendant would plead guilty only to the Interference charge. As a result, the defendant was to serve seven days in jail, pay no fine, pay $355.38 in restitution, and pay court fees. Furthermore, the defendant was to be placed on unsupervised probation for a period of one year, in which he was to be banned from entering Yellowstone National Park and to not violate any laws – federal, state, and local during the period of probation.

However, after a successful guilty plea, Judge Mark L. Carman, at his discretion, sentenced the defendant differently. In relevant part, the defendant was ordered to pay a $500.00 fine, pay a Community Service Payment to the YPF in the amount of $2,500.00, as well as pay $355.00 in restitution, and serve 3 years of unsupervised probation, including a ban from entering Yellowstone National Park. The defendant was not sentenced to any jail time. The YPF was chosen as the destination for the community service payment due to its goals for wildlife protection, which includes bison.

The defendant, under Rule 35 contends that the community service payment is a form of restitution, and is therefore unlawful. However, the defendant is incorrect, the only form of restitution the defendant is to pay as per the Judgment is $355.00 for his actions. *See* Judgment. Community service is not the same as restitution. Community service is statutorily authorized by statute as a condition of probation, in that "[t]he Court may provide [...] community service as directed by the court." 18 U.S.C. § 3563(b)(12).

Although the United States Sentencing Guidelines do not apply in Class B

Misdemeanors, its logic, reasoning and purposes are persuasive to establishing sentences regarding all matters, including Class B Misdemeanors. Therefore, the Court holds discretion sentencing defendants. The Sentencing Guidelines Commission recognizes that some forms of harm caused by a criminal defendant may not be linked to particular victims and may not be susceptible to direct remediation or restitution. In this case, the defendant's actions interfered with the National Park Service by illegally barricading himself to a 55-gallon barrel filled with weighted objects, hindering the legal operations of Park Services. Park Services were barred from tending or transporting bison, and were unable to conduct any business whatsoever within the Stephens Creek Bison Facility. As part of the defendant's probation, the defendant has been banned from physically entering Yellowstone National Park, where the interference occurred, for a period of three years. *See* Judgment. A need for community service as a result of the defendant's actions exists, but the nature and circumstances of his probation will make physical community service impossible. Therefore, the community service payment in the form of $2,500.00 is reasonable under the facts and circumstances of this case.

The United States recognizes that the commentary within the Sentencing Guidelines hesitates towards ordering monetary payment as a form of community service. But, the commentary specifically notes that it is allowed in some circumstances.[1] In this matter, upon the defendant's interference, a donation fund was set up specifically for his legal defense by supporters. The defendant accepted the money raised as a result of this fund. As his counsel was providing the work on a *pro bono* basis, the defendant received $4,990.00 for a legal defense that was providing its services at an admittedly reduced cost. As such, the defendant was to receive a

---

[1] Commentary to U.S.S.G. § 8B1.3 notes, "Requiring a defendant to [...] contribute to a local charity would not be consistent with this section **unless such community service provided a means for preventative or correction directly related to the offense and therefore served one of the purposes of sentencing set forth in 18 U.S.C. § 3553(a)**" (emphasis added).

3

pecuniary gain as a result of his illegal actions. A monetary payment as community service is a means of preventative action related to the interference offense, and remains within the realm of allowed Community Service Payments. Case law has indicated through the Southern District of New York that community service payments are to "provide maximum rehabilitative and deterrent effect." *Danilow Pastry*, 563 F. Supp. at 1169. As the defendant is unable to physically perform the community service by virtue of being banned from physically entering Yellowstone National Park, a monetary payment fits the rehabilitative and deterrent effects in showing that other alternatives exist to illegally interfering with government agencies while protecting the wildlife within. Statutorily, the imposition of the sentence needs to take into consideration the need for the sentence imposed to reflect the seriousness of the offense and to deter future conduct from the criminal himself and the public at-large. 18 U.S.C. § 3553(a)(2). These payments are not restitution and are not to be seen as restitution, as the defendant argues.

The aforementioned sentencing guidelines under U.S.S.G. § 8B1.3 allows for community service payments in lieu of physical labor so long as it serves any of the purposes directly noted in 18 U.S.C. § 3553(a). The defendant's purpose for his interference was, in his views, to protect bison. In doing so, the defendant interfered with the National Park Service within Stephens Creek Ranch by hindering the agency from tending and transporting bison and unable to conduct any business within. By a court-mandated community service payment to the YPF, the defendant will be contributing to the protection of bison without having to interfere with a government function.

The Yellowstone Park Foundation ("YPF") is an appropriate local, non-profit for the defendant to donate based on its close relationship with the National Park Service and acts as a wildlife protection fund. The YPF is a nonprofit, 501(c)(3) organization. In 1996, a group of

citizens, working with the National Park Service, established YPF with the mission to protect, preserve, and enhance Yellowstone National Park. To date, YPF has successfully funded more than 200 Yellowstone National Park projects. The YPF has the explicit goal of funding wildlife protection projects, initiatives, and enforcement activities designed for the benefit and preservation of wildlife resources in Yellowstone National Park, Wyoming, Montana, Idaho. Furthermore, the YPF identifies, investigates, and halts the unlawful take of wildlife, traffic of wildlife and sale of such resources in that region. Specifically, the YPF spearheads the Wildlife Health Project, which in groundbreaking research identified the brucellosis bacteria in bison, developing overall health for the wild bison and the Managing Bison Project to protect migratory bison.[2] As the illegal actions undertaken by the defendant were interfering with the National Park Service regarding the defendant's personal views of wildlife protection, a community service payment to a wildlife protection fund would not only be an appropriate non-profit per the U.S.S.G. § 8B1.3 commentary, but also remains aligned with the defendant's ideals and goals. This donation will protect the same bison the defendant seeks to protect, as the YPF specifically seeks to protect migratory bison and hinder the spread of fatal diseases as two of their current projects.

Case law furthermore accepts the notion of monetary payments for community service in certain circumstances. As stated previously, community service payments exist to "provide maximum rehabilitative and deterrent effect." *Danilow Pastry*, 563 F. Supp. at 1169. Community Service Payments are also not restitution. The Southern District of New York further analyzed that the community service payments in values of baked goods to food banks as a result of price-fixing crimes as a "community service condition." *Id.* at 1170. The analysis

---

[2] *Wildlife, Wonders & Wilderness*, YELLOWSTONE PARK FOUNDATION,
http://www.ypf.org/site/PageServer?pagename=WHAT_wildlife_current (last visited July 1, 2014).

concludes stating that the community service condition was "intended not only to make restitution, but equally to aid in deterrence and in the reformation of the principals in this industry." *Id.* The community service was placed for two important reasons. One was for a form of restitution for aggrieved parties, but the donation of baked goods did not entail restitution. The donation was to deter the businesses and organizations from continuing to act illegally. Just as the defendant was ordered to pay $355 in restitution for the costs of his illegal interference, the further monetary penalty of $2,500 is analogous to the legal community service donation in baked products. The defendant already paid $355 in restitution for the damages to Stephens Creek Ranch. Furthermore, the defendant's only possible contribution to a non-profit community service within Yellowstone National Park is monetary. He cannot physically perform community service within the Park as a condition of his probation. It is acceptable under the broad discretion of the Judge and the Sentencing Guidelines under Title 18, the defendant's substitution of physical labor for a monetary payment is acceptable under the sentencing guidelines under U.S.S.G. § 8B1.3.

Without this monetary payment, the deterrent effect is lessened. While a larger fine could potentially create some deterrent effect, would do so with no benefit to the community or the very resources the defendant was attempting to protect. Community service will provide funding to help manage, protect, and sustain bison along with other wildlife in Yellowstone National Park by legal means. This will occur without the interference with government agencies and functions. Otherwise, the defendant would have a pecuniary gain as a result of his illegal actions. Thus, the defendant's judgment against him for the contested $2,500.00 is neither intended nor perceived to be restitution. Additionally, community service payments are allowed as long as the amount does not exceed the statutory maximum fine amount. *Fiore*, 696 F.2d at

209. As a Class B Misdemeanor, the statutory maximum fine is $5,000.00; less than the $2,500.00 in a community service payment.

The defendant argues that the $2,500.00 community service payment is a clear error solely on the idea that the payment is a form of restitution. The defendant is incorrect. The community service payment is not restitution. Rather, it is what is supported to be community service. The money is in lieu of labor, and the money will go to funding protection of managing the wildlife within Yellowstone National Park. The defendant is legally barred from performing labor inside Yellowstone National Park due to the appropriate banishment from the boundaries within as a condition of his probation. As consistent in this case, the community service payments are appropriate and legally permissible under statute, the United States Sentencing Guidelines, and case law. Therefore, the judgment and sentence of the Court should be upheld.

DATED this 3rd day of July, 2014.

CHRISTOPHER A. CROFTS
United States Attorney

By: *Mark R. Bittner* (signature)
Mark R. Bittner
FOR:
FRANCIS LELAND PICO
Assistant United States Attorney