Summer Nelson,
Bar # 9705 (Montana)
Gentry & Nelson Merrill Law Group, PLLC
P.O. Box 8331
Missoula, Montana 59807
(406) 880-1038
Fax: (406) 830-3085
summernelsonlawoffice@gmail.com

*Attorney for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| United States of America, | ) ) ) ) |
| Plaintiff, | ) Case No. 14-PO-110-1C ) ) |
| vs. | ) **DEFENDANT'S REPLY IN** ) **SUPPORT OF RULE 35 MOTION** ) **TO CORRECT SENTENCE** |
| Comfrey B. Jacobs, | ) ) |
| Defendant. | ) |

Contrary to the government's statements, the statutes, United States Sentencing Guidelines, and case law *do not accept* Community Service Payments as payments unrelated to restitution. Resp. at 1. Rather, each indicates that such payments are not authorized. The payment is not

1

"community service" and the government has failed to identify any legal basis for imposing such a financial sanction on an individual such as Jacobs. Without authorization in the law, the Community Service Payment is "clear error" and Jacobs respectfully requests the court correct the sentence by removing that provision.[1]

Despite a court's broad discretion to impose sentencing, Resp. at 1, circuit courts have repeatedly reached the same conclusion when reviewing a sentencing court's imposition of a payment to charity or other non-aggrieved third party: *the sentence is unlawful*. See United States v. CITGO Petroleum Corp., CRIM.A. C-06-563, 2012 WL 4127800 at *3 (S.D. Tex. Sept. 18, 2012)("every circuit court to consider the issue has reached the same conclusion" that courts cannot condition probation on payment of money to charity); United States v. Haile, 795 F.2d 489, 492 (5th Cir. 1986)(charity may not be ordered by sentencing judge); United States v. Missouri Valley Const. Co., 741 F.2d 1542, 1544 (8th Cir. 1984)(en banc)(district courts lack authority to require willing corporation to contribute money, in lieu of fine, to charitable organization that has not suffered actual damages

---

[1] Jacobs also respectfully requests the Court order return of the payment to him. In order to comply with the Court's Judgment while awaiting the government's response and the Court's decision regarding this motion to correct, Jacobs mailed the payment of $2,500 to the U.S. Attorneys Office as instructed in the Judgment. In order to fully correct the sentence, the payment must be returned to Jacobs.

2

or loss from corporation's offense); <u>United States v. Wright Contracting Co.</u>, 728 F.2d 648, 649, 653 (4th Cir. 1984)(reversing sentence and holding district court exceeded statutory powers in imposing as condition of probation payment of money unrelated to any sustained loss and to entity not aggrieved by offense); <u>United States v. Prescon Corp.</u>, 695 F.2d 1236, 1243 (10th Cir. 1982)(district courts not authorized to order payment of funds outside express statutory authorizations); <u>United States v. John Scher Presents, Inc.</u>, 746 F.2d 959, 963-64 (3rd Cir.1984)(payment to charitable organization not aggrieved by act not authorized by law, and statutory limitations cannot be circumvented by creative labeling of penalty); <u>Fiore v. United States</u>, 696 F.2d 205, 209-10 (2nd Cir.1982)(financial penalties cannot exceed statutory maximum fine).

The government goes to great lengths to label the financial sanction as "community service" rather than restitution, in an attempt to justify its imposition.  Resp. at 4 (payment is "not restitution" and "not to be seen as restitution"), at 6 (judgment of $2500 "neither intended nor perceived as restitution").  However, what the government "intends" or "perceives" the payment to be is of no moment; the limitations of the statutes on imposing financial penalties "cannot be circumvented by creative labeling." <u>John Scher</u> at 964.

3

The Community Service Payment is *not* community service and cannot be imposed as a community service condition of probation as the government contends. The statute provides a sentencing judge discretion to require a defendant to "*work* in community service as directed by the court." 18 U.S.C. § 3563(b)(12) (emphasis supplied). The government conspicuously omitted the word "work" when citing to this provision, Resp. at 2, ignoring that community service requires a defendant "to become personally involved – devoting both time and energy – in a project that serves the public interest." John Scher, 746 F.2d at 963; United States v. CITGO Petroleum Corp., 2012 WL 4127800 *2 (S.D. Tex. Sept. 18, 2012). Community service is work, not charitable contributions. Id.; 18 U.S.C. § 3563(b)(12).

The government relies extensively on § 8B1.3 of the United States Sentencing Guidelines to support its contention that the Community Service Payment can be imposed as a form of community service. Resp. at 3-6. This is a mistake. Chapter 8 governs sentencing of *organizations*, not individuals, and § B1.3 simply allows community service to be imposed on organizations. See United States Sentencing Guidelines Ch. 8: Sentencing of Organizations. The commentary notes community service for organizations "is essentially an indirect monetary sanction" because

4

organizations can only perform community service "by employing its resources or paying its employees or others to do so." There is nothing analogous to imposing a financial penalty in lieu of community service work on an *individual* such as Jacobs, and the sentencing guidelines do not provide any support for the government's position.

The government is similarly mistaken in relying on a single district court case in an attempt to justify the Community Service Payment as community service.[2] The community service at issue in the cited case was imposed on *corporate* defendants, not individuals, and required donation of the bakery corporations' pastry products to needy organizations. United States v. Danilow Pastry Co., Inc., 563 F. Supp. 1159, 1163 (S.D.N.Y. 1983). The sentence was designed in that case to provide some means for the corporate defendants to "perform community service" by the act of baking and donating pastry products to needy organizations, rather than requiring a monetary contribution. Id. at 1169. This is distinctly different from ordering an individual defendant to make a direct financial payment to

---

[2] The government also curiously cites Fiore v. United States as supporting its position. The court in Fiore, however, never indicated a community service payment was proper, but held the ordered payment exceeded the statutory limitations. Fiore, 696 F.2d 205, 206, 209-10.

5

a charity of the court's choosing, and the case simply does not support imposition of the Community Service Payment on Jacobs.

Indeed, courts have expressed concern about the propriety of courts selecting recipients of charitable donations when the recipients were not victims who were entitled to restitution. For example, the Fourth Circuit in Wright highlighted the tremendous policy concerns raised by a district court's imposition of monetary payments to third parties as a condition of probation. That court aptly explained:

> "As did the Tenth Circuit, we think that policy considerations support a construction of the statute that imposes a more restricted range of discretion upon sentencing judges when ordering the payment of funds (other than fines) as conditions of probation than when imposing other conditions. Creative sentencing of the kind here undertaken, for example, necessarily involves the court in selecting particular third persons to become beneficiaries of the probationer's assets-presumably acting in some way as "surrogates" for the public as the actually "aggrieved party." Such selections of course carry financial benefits for which there may be quite legitimate rival claimants among potential "surrogates," whether known or unknown to the court. Where the sums imposed for payment are also fixed by the court without reference to any measurable losses or damage, the court exposes itself to possibly justifiable and unanswerable criticisms both in respect of the particular beneficiaries selected and the specific sums awarded them. The danger thereby created, without compensating benefit, for unnecessary involvement of the criminal justice system in peripheral controversy is obvious."

United States v. Wright Contracting Co., 728 F.2d 648, 653 (4th Cir. 1984); see also, United States v. Missouri Valley Constr. Co., 741 F.2d 1542, 1550

(8th Cir. 1984) (courts are "ill-equipped to pick and choose, among countless worthy causes, which nonaggrieved charitable organizations should receive large sums of money").

As noted previously, numerous circuit courts have rejected sentences requiring charitable payments, no matter how the payments have been characterized. The government's attempt to construe the payment as something other than restitution simply cannot provide a legal basis for its imposition, nor does its reliance on one inapplicable district court case provide the necessary, but missing, justification. As explained by the Fifth Circuit: "a district court may not condition probation on the payment of money to charity[.] . . . [P]robation may be conditioned on a prescribed payment of money in only three specific circumstances: a fine, restitution and the support of legal dependants." Haile, 795 F.2d at 491; see also, Fiore, 696 F.2d at 209 ("defendant plainly may not be required to support persons – corporate or natural – of the court's choosing").[3]

---

[3] Although the statutes have been revised since Haile and the other cases were decided, the Sentencing Reform Act limits sentences to the same three monetary sanctions as did the Probation Act. 18 U.S.C. § 3563(b)(1)-(3). Additionally, just as § 3563(22) allows for "such other conditions" of probation as the court may impose, the Probation Act also allowed courts to impose probation "upon such terms as the court deems best." 18 U.S.C. § 3651 (1985). Thus, the same rationale and conclusions remain relevant, and monetary sanctions are limited to those identified in the statute.

The Tenth Circuit Court of Appeals has also reached the same conclusion more than once: ordering payments to third parties is only lawful if restitution requirements are met and not as some other discretionary condition of probation.  <u>United States v. Prescon Corp.</u>, 695 F.2d 1236, 1243 (10th Cir. 1982); <u>U.S. v. Clovis Retail Liquor Dealers Trade Association</u>, 540 F.2d 1389, 1390-91 (10th Cir. 1976). Thus, no matter how the payment is characterized, because it is not a form of financial sanction allowed under any applicable statute, guidance, or case law, its imposition is "clear error" and the Community Service Payment should be removed from Jacob's sentence.[4]

The government also suggests the Community Service Payment is legitimate because the amount does not exceed the maximum statutory fine. Resp. at 6-7.  This is incorrect.  While the government correctly notes that financial penalties cannot exceed statutory maximum fines, even if the

---

[4] The government's contention that it would be "impossible" for Jacobs to perform actual community service is nonsensical.  Resp. at 3.  There is no requirement that a defendant work in community service at the same locale as his arrest. Jacobs could perform actual community service – if such had been imposed – without entering Yellowstone National Park.  Or, a special exception could be made to allow Jacobs to enter the Park solely to perform community service at a specified location.  Clearly it would not be "impossible" for Jacobs to perform community service and the contention that such impossibility justifies a Community Service Payment is entirely unfounded.  Regardless, the contention would have no bearing: community service was not imposed, and its purported impossibility does not supply the missing legal authorization for the financial penalty.

8

Community Service Payment were otherwise authorized (it is not), it would still be unlawful here because it exceeds the statutory maximum fine. Although Class B Misdemeanors generally have a maximum fine of $5,000.00, Resp. at 7, Jacobs was charged with violation of a Park Service regulation promulgated by the Secretary of Interior pursuant to statutory authority regarding management and use of parks. 16 U.S.C. § 3. That statute sets a maximum fine of $500 for violation of any regulation promulgated pursuant to the statute. Id. (violation of regulation shall be punished by fine of not more than $500 or imprisonment for not exceeding six months, or both, and costs of proceedings); see also, United States v. Craner, 652 F.2d 23, 24 (9th Cir. 1981)(determining violation of 36 C.F.R. § 1.3 for driving under the influence of alcohol is "serious" for federal jury trial guarantee, and identifying maximum penalty as $500 fine, and/or six months imprisonment, and costs). Jacobs was already sentenced to pay the statutory maximum fine of $500.00, and thus no additional financial penalties are authorized, apart from the $355 restitution to actual victims of the offense that was also imposed.

No sentencing needs, nor policy considerations support or allow imposition of the Community Service Payment. Jacobs will not "receive a pecuniary gain as a result of his illegal actions" if the Community Service

Payment is removed.  Resp. at 3-4.  The purpose of legal support funds is to cover legal costs and fees, and that is precisely what Jacobs will use the money for if and when it is made available for such purposes.

No matter how deserving the Foundation may be, or how laudable the intentions of the U.S. in suggesting the payment and the Court in ordering it, the payment is simply not authorized.  Mr. Jacobs cannot be ordered to make payments to charity as a term of his sentence; to do so is to bring the criminal justice system into the "dangerous" territory of "peripheral controversy" by selecting which non-aggrieved third parties are deserving of Mr. Jacobs' limited assets, and by awarding an amount unrelated to any sustained loss.  <u>Wright</u>, 728 F.2d at 653.  Jacobs therefore respectfully requests this Court correct his sentence by removing the Community Service Payment and ordering its return to him from the U.S. Attorney's Office.

Respectfully submitted this 12th day of July, 2014.

/s/Summer Nelson
Summer Nelson
P.O. Box 8331
Missoula, MT 59807
(406) 880-1038
Fax: (406) 830-3085
summernelsonlawoffice@gmail.com
*Attorney for Defendant*
