IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COMFREY B. JACOBS<br><br>　　　　　　　　　Defendant. | Case No: 14-PO-110 |

**ORDER ON MOTION TO CORRECT SENTENCE**

This matter having come before this Court upon the Defendant's *Rule 35 Motion to Correct Sentence* and the Court having considered the briefing of the parties and the court record hereby finds and orders as follows:

## FACTS

On March 3, 2014 the defendant, Comfrey Jacobs, was charged with three misdemeanor offenses; interference with agency function (36 CFR 2.32(a)(1), disorderly conduct (36 CFR 2.34(a)(4)) and entering a closed area (36 CFR 1.5(f)). On June 20, 2014 the Defendant appeared in this Court with his attorney, Summer Nelson, and entered a guilty plea pursuant to a negotiated plea agreement with the U.S. Attorneys. The agreement provided that the Defendant would enter a guilty plea to the interference with agency function charge in exchange for a dismissal of

1

the two remaining violations. The Defendant and the government jointly recommended a sentence of seven (7) days in jail with no fine and a payment of $355.00 in restitution to the National Park Service. In addition, they recommended one year of unsupervised probation including a ban from entry into Yellowstone National Park during the term of probation.

Following the entry of the guilty plea to the interference charge, the Court dismissed the two remaining charges and directed the parties to address the matter of sentencing. During the hearing the government advised the Court that it had learned of a fund which had been collected on-line to benefit the Defendant and which the government characterized as a "legal defense fund" which had raised at least $4,990.[1] The Court was further informed that Ms. Nelson was providing her legal services on a pro bono basis.[2] In her argument, Ms. Nelson suggested the Court consider a payment of "a fine from that legal defense fund and/or have a fine converted to community service".[3] The government suggested that a portion of the fund be used as a community service payment to the Yellowstone Park Foundation, Wildlife Protection Fund. The role and purpose of the Yellowstone Park Foundation ("YPF") and its Wildlife Protection Fund is known to the Court and was more fully described in the government's *Reply to Rule 35 Motion to Correct*

---

[1] Transcript of Change of Plea and Sentencing Proceedings, Page 12 Line 24 to Page 13 Line 4. This was confirmed by the Defendant during the hearing. Page 18 Line 1-8.
[2] Transcript of Change of Plea and Sentencing Proceedings, Page 24 Lines 8-24.
[3] Transcript of Change of Plea and Sentencing Proceedings, Page 15 Lines 22-24.

*Sentence* as follows:

> The [Yellowstone Park Foundation] is a nonprofit, 501(c)(3) organization. In 1996, a group of citizens, working with the National Park Service, established YPF with the mission to protect, preserve, and enhance Yellowstone National Park. Today, YPF has successfully funded more than 200 Yellowstone National Park projects. The YPF has the explicit goal of funding wildlife protection projects, initiatives, and enforcement activities designed for the benefit and preservation of wildlife resources in Yellowstone National Park, Wyoming, Montana, Idaho. Furthermore, the YPF identifies, investigates, and halts the unlawful take (sic) of wildlife, traffic of wildlife and sale of such resources in that region. Specifically, the YPF spearheads the Wildlife Health Project, which in groundbreaking research identified the brucellosis bacteria in bison, developing overall health for the wild bison and the Managing Bison Project to protect migratory bison. (Citations omitted)

The Defendant asserted that it was not his intent to individually profit and he informed the Court that it was his desire to "give that back to nonprofits and other community organizations that are doing similar work as myself."[4]  Following argument of counsel the Court stated:

> I'm having a little bit of a struggle about whether you're somebody I think that I should be putting in jail. Obviously if this is conduct that continued or you -- and I have no indication that you actively attempted to encourage other people to engage in the same kind of conduct. You may have encouraged people to support the campaigns of the BFC (Buffalo Field Campaign) and the beliefs of the BFC, but I don't have any information in front of me that you have encouraged other people to engage in this type of civil disobedience, physically obstructing, so I'm not feeling comfortable with that.

---

[4] Transcript of Change of Plea and Sentencing Proceedings, Page 23, Lines 11-16.

And I also think that there are penalties I can impose that will bring home to you the seriousness of your actions far more effectively than that of putting you in -- in jail being supported, rather expensively, by the United States government for a period of seven days.

So, here's what I'm going to do, Mr. Jacobs. I'm going to impose a fine of $500. Also, there's a mandatory $10 assessment for the victims of crime and a $25 court processing which brings that obligation to $535.

I'm going to order you to pay restitution to the National Park Service in the amount of $355.

I'm also going to order you to make a community service restitution payment -- I shouldn't say restitution -- community service payment to the Yellowstone Park Foundation Wildlife Protection Fund in the amount of $2,500. This is an organization that does a tremendous amount for the -- for Yellowstone and for the wildlife in Yellowstone, and they can -- they can utilize that assistance, effectively and lawfully, I might add.

Transcript of Change of Plea and Sentencing Proceedings, Page 28 Line 10 to Page 29 Line 13.

## LAW AND DISCUSSION

Subsequently the defendant filed a motion pursuant to Rule 35(a), Federal Rules of Criminal Procedure which reads, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from an arithmetical, technical, or other clear error." The defendant asserts that the sentence contained "clear error" in that it was ordering a payment of restitution to a non-victim and further that there is no legal basis to require the Defendant to make payments to a third-party. The

government countered by asserting that community service payments are not restitution and are allowable within the broad discretion granted to sentencing courts as a condition of probation.

**Restitution**

The Defendant initially sought to characterize the payment as restitution. He then asserted that the Court did not have the authority to order restitution to be paid to a non-victim pursuant to 18 U.S.C. §3663(a)(1)(A), (a)(2) or (a)(3). The Defendant cited *U.S. v. Hussong*, 778 F.2d 567 (10th Cir. 1985) in support of his position that the order of restitution to the YPF was improper. The Court declines the Defendant's invitation to explore the law of restitution as the ordered payment is not restitution; it is a community service payment. The only payment ordered as restitution by the court was the payment of $355 to the National Park Service. The Defendant agreed to this payment as part of the original plea agreement and has not contested the order of this Court in that regard.

**Community Restitution**

The Defendant next attempts to characterize the community service payment as an unlawful attempt to impose "community restitution" pursuant to 18 U.S.C. §3663(c). Once again, the Court need not address this argument because the YPF payment was not imposed pursuant to 18 U.S.C. §3663(c) and was not intended or ordered as community restitution as defined in that statute.

**18 U.S.C. § 3563**

The Defendant next asserts that the Court did not have authority to order a community service payment as a condition of probation pursuant to 18 U.S.C. § 3563. The statute addresses conditions of probation which may be imposed by the sentencing court. The statute is divided into mandatory and discretionary conditions with the discretionary conditions listed in § 3563(b). The list of discretionary conditions is not exhaustive as §3563(b)(22) provides that the court may require the defendant to "satisfy such other conditions as the court may impose".

> For the discretionary conditions, as an initial matter the conditions must meet the two requirements imposed on all sentences: they must be reasonably related to the factors courts consider in sentencing, and they must involve only deprivations that are reasonably necessary for the listed purposes of sentencing. **Thereafter the statute lists 23 authorized conditions, and this list is not exhaustive; one of the subsections requires the defendant to satisfy "such other conditions as the court may impose."**

> The courts have held a variety of conditions proper for probationers. As the Supreme Court noted, authorized conditions include requiring the defendant to pursue employment; to avoid certain occupations, places, and people; to spend evenings or weekends in prison; and to avoid excessive use of alcohol. A defendant may be required to avoid certain occupations. He may be barred from using the internet, required to refrain from associating with a particular person or class of persons, or banned from political activity if linked to his offense. He may be required to wear an electronic signaling device. He may be required to do charitable work. He may be ordered to submit to

psychological counseling. (emphasis added, citations omitted)
3 Fed. Prac. & Proc. Crim. § 547 (4th ed.).

The authority to impose conditions on probation is not unlimited. 18 U.S.C. § 3563 does place two requirements upon the court's imposition of a discretionary probation condition. The conditions must be reasonably related to the factors set forth in 18 U.S.C. §3553 and the conditions shall only invoke such deprivations of liberty or property as are reasonably necessary to achieve the goals as set forth in 18 U.S.C. §3553. The relevant portions of 18 U.S.C. § 3553 reads as follows:

> (a) **Factors to be considered in imposing a sentence.** -- The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The probation statutes give substantial discretion to the sentencing judge in crafting proper terms for the defendant's rehabilitation. "A sentencing judge has broad discretion to impose conditions of probation that are reasonably related to

7

protecting the public and rehabilitating the defendant." *U.S. v. Lawson*, 670 F.2d 923, 929 (10th Cir. 1982). "In determining to impose some imprisonment or none, some fine or none, some probation or none, and some conditions the violation of which will warrant termination of probation, the sentencing judge is given wide discretion to compound a prescription for the individual case before him." *U.S. v. Tonry*, 605 F.2d 144 (5th Cir. 1979).

> Federal trial courts are consequently accorded broad discretion. Their discretionary authority is bounded only by the Federal Probation Act and the requirement that conditions of probation be reasonably related to the simultaneous goals of rehabilitating the defendant and protecting the public. (Citations omitted). A defendant who seeks to overturn a particular condition of probation must establish that the court acted outside its discretionary authority in imposing it. (Citation omitted). It is axiomatic that particular conditions of probation should be tailored to meet the special problems of a particular defendant and that conditions of probation must be viewed in light of all the circumstances properly before the court.
> *United States v. Jordan*, 890 F.2d 247 (10th Cir. 1989)

The Defendant contends that community service payments may not be imposed absent applicable guidelines. In support of this proposition he cites *United States v. Bloomgren*, 42 Fed. Appx. 147, 152-53 (10th Cir. 2002). This case involved "community restitution" under 18 U.S.C. §3663(c). This section only applies to convictions of specified crimes under the Control Substances Act and is not relevant to our question. Additionally, the *Bloomgren* court upheld the community restitution finding that proper guidelines existed. Considering the matter before this Court, the goals set forth in §3553 impose limits and guidelines

for conditions of probation. It is to be noted that the Defendant does not assert that the conditions of probation imposed by this Court fail to comply with the guidance and goals of § 3553.

The Defendant next cites *United States v. Clovis Retail Liquor Dealers Trade Association*, 540 F.2d 1389 (10th Cir. 1976) for the proposition that the court cannot impose a community service payment. In *Clovis Retail* the trial court ordered the defendants to make payments as "restitution and reparations" to a nonprofit organization providing programs for treatment and education regarding alcohol abuse. The Tenth Circuit Court of Appeals reversed and remanded, finding that the sentence was not allowed under existing law. This case was decided under a pre-existing statute, which has since been repealed. The statute applicable in *Clovis Retail* (18 U.S.C. §3651) allowed the court limited conditions of probation and read in relevant part as follows:

> The period of probation, together with any extension thereof, shall not exceed five years.
>
> While on probation and among the conditions thereof, the defendant—
>
>> May be required to pay a fine in one or several sums; and
>>
>> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and
>>
>> May be required to provide for the support of any persons, for whose support he is legally responsible.

9

It was only in applying the language of this now repealed statute that the court determined the order of restitution could not stand. *Clovis Retail* also dealt with an order of restitution, not a community service payment.

**Monetary Probation Conditions**

The crux of the current case is one that was not briefed by the parties. Specifically, can the court order a monetary payment as a condition of probation other than those monetary payments which are specifically set forth in the statutes. In *United States v. Perscon Corporation*, 695 F.2d 1236 (10th Cir. 1983) the appeals court reversed a sentence which ordered the payment of monies by the corporate defendants "to be dispersed to such community agencies as selected by the Chief Probation Officer with the approval of the Court" to "fight crime". *Perscon* at 1238. The Tenth Circuit, relying on the same statute as *Clovis Retail*, held that any monetary payments must fall within one of the enumerated conditions of 18 U.S.C. §3651, which limited payments to restitution to "aggrieved parties". "[T]he Probation Act did not intend to authorize the district courts to direct the payments of funds, as condition of probation, beyond the express authorizations contained in §3651. This is not to suggest, however, that a sentencing judge does not otherwise have broad discretion to impose conditions of probation reasonably related to protecting the public and rehabilitating the defendant." *Perscon* at 1243. The

Tenth Circuit seemed to partially retreat from this rule in *United States v. Gallup*, 812 F.2d 1271 (10th Cir. 1987). In *Gallup* the appeals court upheld a condition of probation requiring the defendants to pay monies to the United States Department of Housing and Urban Development ("HUD"), even though HUD had suffered no monetary consequences as a result of the criminal acts. The court specifically noted that HUD was not cheated or defrauded out of any money and that it did not pay a higher price for the property than that which was fair and acceptable. The court held that there were unique circumstances in which damage or loss may be suffered in non-monetary ways and it was within the court's discretion to order payments to address the situation. The *Gallup* court distinguished *Prescon* as the award in *Prescon* was to third parties unconnected with the offense in question, as opposed to HUD which was contractually involved in the transactions giving rise to the criminal charges. In conclusion, the court found that the payments to HUD bore a reasonable relationship to the protection of the public. *Gallup* at 1282.

It would appear that the community service payment may be proper under this line of cases in light of the language in *Gallup,* but it would also appear that the viability of this line of cases is suspect in light of the repeal of § 3651 in 1987. The statutory language upon which these cases were decided was not re-codified in the statutes following the repeal. What has survived is the pronouncement that the sentencing court enjoys broad power to impose conditions which will serve the

accused and the community. In conjunction with the repeal of § 3651, Congress enacted 18 U.S.C. § 3563 which set forth mandatory and discretionary conditions of probation. The list of discretionary conditions, as noted above, was not an exclusive list, such as was found in the repealed § 3651. It was the exclusive nature of § 3651 upon supported the decisions in *Clovis Retail, Prescon* and *Gallup* . That exclusive list was replaced with an expanded and **non-exclusive** list of probationary conditions in § 3563, including the requirement to "satisfy such other conditions as the court may impose". § 3563(b)(22). In doing so, Congress endorsed the courts' discretionary authority to craft sentences designed to meet the myriad of circumstances confronting the sentencing court. *Clovis Retail, Prescon* and *Gallup* only serve to provide historical context and do not prohibit the imposition of a condition of probation requiring a community service payment which otherwise complies with the sentencing goals.

The community service payment to the Yellowstone Park Foundation was properly imposed by this Court pursuant to its broad discretion to impose conditions of probation. The payment took into account the nature of the criminal offense, one of civil disobedience design to physically interfere with a lawful bison management operation, as well as the intent to instill a respect for the law with Mr. Jacobs. Mr. Jacobs was required to provide financial support to an organization which works in a lawful manner to address the issues which Mr. Jacobs attempted

to influence in an unlawful manner. The court sought to instill in Mr. Jacobs an understanding regarding the existence of lawful means to influence the discussion regarding the welfare of the bison within Yellowstone National Park ecosystem. The Court felt that the imposition of a jail sentence violated the dictates of § 3553 by imposing a sentence which was "greater than necessary". The sentence was further calculated to create a deterrent to others by eliminating a potential personal profit to Mr. Jacobs arising from his unlawful conduct. The Defendant's continued discussion of "restitution" fails to take into account both the nature of the community service payment and the lawful sentencing purposes the Court was attempting to achieve. The community service payment is valid pursuant to 18 U.S.C. § 3563 (b)(22). Courts may impose conditions of probation which award benefits to entities outside those directly affected by the underlying offense; "…criminological literature has shown that symbolic restitution that reaffirms the community's standards is an important element of general criminal deterrence." U.S. v. Danilow Pastry Co., Inc., 563 F. Supp. 1159, 1162 (S.D.N.Y. 1983).

The Court recognizes that payments imposed as a condition of probation, including community service payments, cannot be used as a way to enhance the monetary penalties beyond the maximum fine allowed by law. "[S]entencing courts may not impose conditions of probation that circumvent the statutory maximum penalties set by Congress." *Fiore v. United States*, 696 F.2d 205, 209

(2nd Cir. 1982). The sentence imposed herein does not violate this caveat. The maximum statutory fine for a Class B misdemeanor is $5,000. 36 C.F.R. § 1.3(a), 18 U.S.C. 3559(a)(7), and 18 U.S.C. §3571 (b)(6). The total of the fine and community service payment imposed upon Mr. Jacobs is $3,000.

The Court hereby DENIES the Defendant's *Rule 35 Motion to Correct Sentence.*

Dated this 22nd day of July, 2014.

_____
MARK L. CARMAN
UNITED STATES MAGISTRATE JUDGE